## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**DORI GOODWIN and**
**HALEY GOODWIN,**
    *individuals,*

    **Plaintiffs,**

v.

**MARTINREA INDUSTRIES, INC.,**
    *a corporation,*

    **Defendant.**

---

Jeffrey Ellison (P35735)
Attorney for Plaintiffs
214 S. Main Street, Suite 212
Ann Arbor, MI 48104
(734) 761-4300
EllisonEsq@aol.com

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other pending or resolved civil action
arising out of the transaction or occurrence
alleged in the Complaint.

Plaintiffs DORI GOODWIN and HALEY GOODWIN, through their attorney Jeffrey Ellison, after inquiry reasonable under the circumstances, allege the following:

1. This is an action by Plaintiffs Dori Goodwin and Haley Goodwin against Defendant Martinrea Industries, Inc., for discriminating and retaliating against

Plaintiff Dori Goodwin in violation of the Family Medical Leave Act, 29 USC §2601 *et seq.* ("FMLA"), Title VII of the 1964 Civil Rights Act, 42 USC §2000e *et seq.* (Title VII), the Americans with Disabilities Act, 42 USC §12101 *et seq.* ("ADA") and, as well as Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* ("ELCRA"), and Michigan's Persons With Disabilities Civil Rights Act, MCL 37.1101 *et seq.* ("PWDCRA"), and for discriminating and retaliating against Plaintiff Haley Goodwin in violation of Title VII and the ELCRA.

2. This Court has original jurisdiction over the subject matter of this Complaint pursuant to 28 USC §§1331 and 1343 and 29 USC §216.

3. This Court also has jurisdiction over Plaintiffs' state law claims set forth in this Complaint pursuant to its supplemental jurisdiction to hear state law claims under 28 USC §1367(a). Both the federal and state claims alleged herein arose under a common nucleus of operative facts. The state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

4. Venue is proper in this Court pursuant to 28 USC §1391(b)(2) because 1) Plaintiff Dori Goodwin resides in this District, 2) Defendant has sufficient contacts with this District to subject Defendant to personal jurisdiction at the

2

time this action is commenced, and 3) the acts and omissions giving rise to this Complaint occurred within this District.

## PROCEDURAL REQUIREMENTS

5. Plaintiffs timely filed separate administrative complaints with the United States Equal Employment Opportunity Commission and the Michigan Department of Civil Rights in which each alleged the statutory violations asserted herein. The complaint of Plaintiff Dori Goodwin, EEOC Charge No. 471-2019-01913, was filed on February 28, 2019 and alleged discrimination and retaliation on account of disability and national origin. The complaint of Plaintiff Haley Goodwin, EEOC Charge No. 471-2019-01914, was also filed on February 28, 2019 and alleged discrimination and retaliation on account of sex.

6. On October 29, 2019, the EEOC mailed Notice of Right to Sue on Charge No. 471-2019-01913 so that Plaintiff Dori Goodwin could pursue her claims before this Court. See Ex. 1. Plaintiff Dori Goodwin received the Notice of Right to Sue on October 31, 2019. On October 29, 2019, the EEOC mailed Notice of Right to Sue on Charge No. 471-2019-01914 so that Plaintiff Haley Goodwin could pursue her claims before this Court. See Ex. 2. Plaintiff Haley Goodwin received the Notice of Right to Sue on October 31, 2019.

## FACTUAL ALLEGATIONS

7. Defendant Martinrea Industries manufactures automotive parts and assemblies.  It operates an assembly plant in the Village of Manchester, Washtenaw County, Michigan, where all events detailed in this complaint arose.

8. Plaintiff Dori Goodwin commenced work for Defendant Martinrea Industries, Inc. on or about December 5, 2016, as a Receptionist.  Because of merit, she was promoted to the position of Human Resources Generalist in February 2017 and remained in that position until her discharge on January 2, 2019.  As HR Generalist, Plaintiff Dori Goodwin became expert on Defendant Martinrea Industries, Inc.'s work rules, attendance policies, investigations of charges of discrimination, and payroll processing.

9. During her employment with Defendant Martinrea Industries, Inc., Plaintiff Dori Goodwin suffered from a medical condition, Addison's disease and hypothyroidism, that qualified as a disability within the meaning of the Americans with Disabilities Act (ADA) and a serious health condition within the meaning of the Family Medical Leave Act (FMLA).  Plaintiff Dori Goodwin informed her supervisor at Defendant Martinrea Industries, Inc., Director of Human Resources Amanda Wilson, of her medical condition, produced medical documentation to substantiate the condition, and was

granted intermittent FMLA leave.  Plaintiff Dori Goodwin used intermittent FMLA leave to accommodate, seek treatment for and recover from the effects of her serious health condition.  HR Director Wilson repeatedly harassed Plaintiff Dori Goodwin for being using FMLA leave to be absent from work because of her disability/serious health condition.

10. Plaintiff Dori Goodwin is Hispanic.  She speaks English and Spanish.  During the time she was employed by Defendant Martinrea Industries, Inc., many other employees of the employer were Spanish speakers.  In the course of her duties as HR Generalist, Plaintiff Dori Goodwin frequently spoke Spanish to employees of Defendant Martinrea Industries, Inc.  HR Director Wilson often overheard Plaintiff Dori Goodwin speaking Spanish with employees of Defendant Martinrea Industries, Inc. and mocked, ridiculed and harassed her for speaking Spanish and for being Hispanic.

11. As an employee in the Human Resources department of Defendant Martinrea Industries, Inc., Plaintiff Dori Goodwin frequently received or otherwise became aware of complaints from employees concerning sexual harassment and race discrimination.   HR Director Wilson was responsible for investigating such complaints and remedying misconduct she found.  HR Director Wilson frequently avoided her responsibility with respect to such complaints first by attempting to dissuade employees from filing the

complaints and, if that effort was unsuccessful, by failing either to investigate complaints timely or thoroughly or to remedy the misconduct the investigation revealed.  Plaintiff Dori Goodwin witnessed these actions of HR Director Wilson.  Complaining employees often asked Plaintiff Dori Goodwin to intervene with HR Director Wilson.  Plaintiff Dori Goodwin reported employees' requests to HR Director Wilson to no effect.  When complaining employees persisted with their complaints to Plaintiff Dori Goodwin, Plaintiff Dori Goodwin advised them to call the corporate hotline for Defendant Martinrea Industries, Inc.  and complain that their sexual harassment and race discrimination complaints had not been investigated.  HR Director Wilson knew Plaintiff Dori Goodwin gave the corporate hotline number to employees who were upset that Wilson had not investigated their complaints properly. HR Director Wilson expressed disapproval to Plaintiff Dori Goodwin about dispensing the corporate hotline number.  In addition, HR Director Wilson gave Plaintiff Dori Goodwin a "Needs Improvement" rating in the "Judgment and Decision-Making" and "Teamwork" categories on her evaluation and withheld her salary increase as a result.

12. Plaintiff Haley Goodwin is the daughter of Plaintiff Dori Goodwin.  Plaintiff Haley Goodwin was hired by Defendant Martinrea Industries, Inc. as a

Manufacturing Operator on or about September 10, 2018, and remained in that position until her discharge on January 2, 2019.

13. Beginning in September 2018 and continuing throughout her employment, Plaintiff Haley Goodwin was sexually harassed by co-workers.  The sexual harassment was invasive, repeated, and pervasive.  The harassers repeatedly asked Plaintiff Haley Goodwin whether she was sleeping with one co-worker or another and spread false and speculative claims to co-workers of Plaintiff Haley Goodwin concerning her supposed sexual activity.  Plaintiff objected to this harassment, told the harassers to stop, and, when they did not, complained first to her supervisor and then to Human Resources about the sexual harassment.

14. Plaintiff Haley Goodwin complained about the sexual harassment directly to HR Director Wilson.  HR Director Wilson dismissed Plaintiff Haley Goodwin's complaints, telling her that the conduct she described was "drama" and not sexual harassment.  For a lengthy period, HR Director Wilson denied Plaintiff Haley Goodwin's request for a transfer and instructed her to remain at her workstation and endure the repeated and pervasive sexual harassment.  Plaintiff Haley Goodwin asked HR Director Wilson for a complaint form to complete and submit concerning the sexual harassment.  HR Director Wilson refused to grant this request.  Finally, Plaintiff Haley Goodwin was transferred

to another line.   However, neither HR Director Wilson nor Defendant
Martinrea Industries, Inc. took any action to remedy the sexual harassment
Plaintiff Haley Goodwin experienced.   As a result, Plaintiff Haley Goodwin
continued to experience sexual harassment in the plant lunchroom.

15. On December 21, 2018, Plaintiff Haley Goodwin was running late for the 5:30
a.m. start of her shift because of a daycare issue involving her infant son.
Although Plaintiff Haley Goodwin did not know it, her supervisor contacted
Plaintiff Dori Goodwin, who was present in the HR department, to ask
whether Plaintiff Haley Goodwin was expected at work that day.   Plaintiff
Dori Goodwin attempted to reach Plaintiff Haley Goodwin by phone without
success.   A subsequent text message between the two went through, and
Plaintiff Dori Goodwin learned that Plaintiff Haley Goodwin would arrive for
work by 7:00 a.m.   Plaintiff Dori Goodwin told Plaintiff Haley Goodwin's
supervisor this information.   In addition, Plaintiff Dori Goodwin phoned
Defendant Martinrea Industries, Inc.'s attendance hotline to report that
Plaintiff Haley Goodwin would be late for work.

16. The attendance and call-in policies of Defendant Martinrea Industries, Inc. did
not require the tardy or absent employee herself to call the attendance hotline.
Instead, policy permitted reports of employee absence or tardiness to be made
by family members or others.   Plaintiff Dori Goodwin did not violate policy

by calling the hotline on behalf of Plaintiff Haley Goodwin.  Equally, Plaintiff Haley Goodwin did not violate policy by her mother calling the hotline on her behalf.

17. Plaintiff Haley Goodwin arrived for work by 7:00 a.m. on December 21, 2018 and worked the balance of her shift.  Under Defendant Martinrea Industries, Inc.'s policy, Plaintiff Haley Goodwin was paid 1.5 hours from her Paid Time Off (PTO) bank and 6.5 hours of wages for her work that day.  Under Defendant Martinrea Industries, Inc.'s policy, Plaintiff Haley Goodwin was not assessed any attendance points for her late arrival, because she used PTO time instead.  Had Plaintiff Haley Goodwin's supervisor assessed 0.5 points under the attendance policy for the tardiness, the assessment would have violated the attendance policy of Defendant Martinrea Industries, Inc. because of the use of PTO.  Regardless, Plaintiff Haley Goodwin had such good attendance that the assessment of 0.5 points for the tardiness would not have advanced her on the attendance scale to the point of warranting disciplinary action or discharge.   Finally, under Defendant Martinrea Industries, Inc.'s policy, had Plaintiff Haley Goodwin arrived for work by 7:00 a.m. without any call to the attendance hotline by her or her mother, and had she used PTO time for the 1.5 hours she was late, she would not have violated any policy of Defendant Martinrea Industries, Inc. and would have

been paid in precisely the same way as she actually was.  For these reasons, the call Plaintiff Dori Goodwin made to the attendance hotline on behalf of her daughter Plaintiff Haley Goodwin made no difference in how she was or would be treated under Defendant Martinrea Industries, Inc.'s attendance and call-in policy.

18. Plaintiff Dori Goodwin told the supervisor of Plaintiff Haley Goodwin on December 21, 2018 that she had phoned the attendance hotline on behalf of her daughter.  Plaintiff Dori Goodwin also told HR Director Wilson the same thing on the same date.  Neither made any claim that Plaintiff Dori Goodwin had violated any policy of Defendant Martinrea Industries, Inc. by calling the attendance hotline on behalf of Plaintiff Haley Goodwin.

19. On January 2, 2019, HR Director Wilson discharged Plaintiff Dori Goodwin from employment for "posing" as her daughter when calling the attendance hotline on December 21, 2018.  Also, on January 2, 2019, HR Director Wilson discharged Plaintiff Haley Goodwin for stating falsely that she, rather than her mother, called the attendance hotline on December 21, 2018.

### COUNT I – VIOLATION OF FAMILY MEDICAL LEAVE ACT – INTERFERENCE AND RETALIATION – PLAINTIFF DORI GOODWIN

20. Plaintiff Dori Goodwin realleges paragraphs 1 through 19 as if fully stated here.

21. Plaintiff Dori Goodwin was an eligible employee within the meaning of the FMLA for intermittent medical leave because:

    (a) Defendant Martinrea Industries, Inc. was an employer subject to the FMLA;

    (b) Plaintiff Dori Goodwin had been employed by Defendant for a period greater than twelve months;

    (c) During the twelve-month period preceding her request for medical leave of absence, Plaintiff Dori Goodwin worked more than 1,250 hours;

    (d) Plaintiff Dori Goodwin had not exhausted her FMLA entitlement of 12 weeks of leave per 12-month period;

    (e) Plaintiff Dori Goodwin had a serious health condition justifying intermittent FMLA leave.

22. Plaintiff Dori Goodwin gave notice of the need for medical leave of absence and requested such leave for a serious health condition that is a qualifying reason for leave under the FMLA.

23. Pursuant to the FMLA, Plaintiff Dori Goodwin was entitled to up to twelve work weeks of leave.

24. Pursuant to the FMLA and Plaintiff Dori Goodwin's medical certification, such twelve weeks of medical leave of absence could be taken on an intermittent basis.

25. Plaintiff Dori Goodwin's request for intermittent FMLA leave was approved by Defendant Martinrea Industries, Inc.

26. Notwithstanding the approved intermittent FMLA leave, HR Director Wilson harassed Plaintiff Dori Goodwin for seeking and taking such leave.

27. On January 2, 2019, HR Director Wilson discharged Plaintiff Dori Goodwin from employment with Defendant Martinrea Industries, Inc.  The reason HR Director Wilson stated for the discharge was pretextual.  The true reason for the discharge included FMLA interference and retaliation.

28. Defendant Martinrea Industries, Inc. violated the FMLA by:

    (a) Discriminating and retaliating against Plaintiff Dori Goodwin for qualifying for and taking FMLA leave; and

    (b) Discharging Plaintiff Dori Goodwin from employment for taking FMLA leave.

29. Defendant Martinrea Industries, Inc. violation of the FMLA was willful in that it knew that such conduct was prohibited under the statute or acted in reckless disregard of whether such conduct was prohibited.

30. As a direct and proximate result of these FMLA violations, Plaintiff Dori Goodwin has suffered damages including, but not limited to, lost wages, employment benefits, and other compensation, past and future.

31. Pursuant to the FMLA, Plaintiff Dori Goodwin is entitled to:

   (a) Reinstatement to employment;

   (b) All wages, salary, employment benefits, or other compensation, including bonus and tuition reimbursement, denied or lost by reason of the violation;

   (c) Interest;

   (d) Liquidated damages;

   (e) Attorneys fees; and

   (f) Other damages and remedies available under law.

## COUNT II – TITLE VII OF THE 1964 CIVIL RIGHTS ACT – RACE DISCRIMINATION AND RETALIATION – PLAINTIFF DORI GOODWIN

32. Plaintiff Dori Goodwin realleges paragraphs 1 through 19 as if fully stated here.

33. Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et seq.*, (Title VII) applied to Plaintiff Dori Goodwin and Defendant during the events at issue in this Complaint.

34. Defendant Martinrea Industries, Inc. and HR Director Wilson discriminated against Plaintiff Dori Goodwin in violation of Title VII by subjecting her to hostile work environment in the form of pervasive harassment in the workplace on account of her race, Hispanic, and her use of the Spanish language in the course of her official duties.

35. Plaintiff Dori Goodwin objected to the failure or refusal of HR Director Wilson to accept, investigate, and remedy race discrimination and sexual harassment complaints in the workplace.

36. Plaintiff Dori Goodwin assisted employees of Defendant Martinrea Industries, Inc. in pursuing their complaints of race discrimination and sexual harassment by providing them with the corporate hotline to use in reporting HR Director Wilson's failure to address their complaints properly.

37. HR Director Wilson knew Plaintiff Dori Goodwin objected to her failure to handle employee complaints about race discrimination and sexual harassment properly.  HR Director Wilson also knew Plaintiff Dori Goodwin assisted complaining employees with their complaints by providing them the corporate hotline number.

38. On January 2, 2019, HR Director Wilson discharged Plaintiff Dori Goodwin from employment with Defendant Martinrea Industries, Inc.  The reason HR Director Wilson stated for the discharge was pretextual.  The true reason for

the discharge included retaliation for Plaintiff Dori Goodwin's complaint about the hostile work environment because of her race and/or retaliation for assisting employees who complained of race discrimination and sexual harassment.

39. Such discrimination and retaliation violated Title VII.

WHEREFORE, Plaintiff Dori Goodwin respectfully requests that this Court provide the following relief, as permitted by law:

(a) A declaration that Defendant's policies, procedures, and practices have subjected Plaintiff Dori Goodwin to discrimination in violation of the Title VII;

(b) Reinstatement to employment;

(c) Compensatory damages;

(d) Equitable relief;

(e) Damages for emotional distress;

(f) Exemplary damages;

(g) Reasonable attorneys' fees and costs;

(h) All other necessary and appropriate relief at law and equity.

**COUNT III – VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT –**
**RACE DISCRIMINATION AND RETALIATION –**
**PLAINTIFF DORI GOODWIN**

40. Plaintiff Dori Goodwin realleges paragraphs 1 through 19 as if fully stated here.

41. The Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* (ELCRA) applied to Plaintiff Dori Goodwin and Defendant during the events at issue in this Complaint.

42. The allegations made against Defendant in paragraphs 34 through 39 in Count II, above, constitute violations of the ELCRA in this Count, for the same reasons they constitute violations of the Title VII in Count II.

WHEREFORE, Plaintiff Dori Goodwin respectfully requests that this Court provide the following relief, as permitted by law:

(a) A declaration that Defendant's policies, procedures, and practices have subjected Plaintiff Dori Goodwin to discrimination in violation of the ELCRA;

(b) Reinstatement to employment;

(c) Compensatory damages;

(d) Equitable relief;

(e) Damages for emotional distress;

(f) Exemplary damages;

16

(g) Reasonable attorneys' fees and costs;

(h) All other necessary and appropriate relief at law and equity.

**COUNT IV – VIOLATION OF AMERICANS WITH DISABILITIES ACT –
DISCRIMINATION BASED ON DISABILITY –
PLAINTIFF DORI GOODWIN**

43. Plaintiff Dori Goodwin incorporates by reference the allegations of paragraphs 1 through 19, above.

44. Plaintiff Dori Goodwin is an individual with a disability, Addison's disease and hypothyroidism, which chronically and substantially limits her gastrointestinal function, a major life activity.

45. At all times relevant to this matter, Plaintiff Dori Goodwin was able to perform the essential functions of her job, with or without reasonable accommodation.

46. Defendant is an employer within the meaning of the Act.

47. On January 2, 2019, HR Director Wilson discharged Plaintiff Dori Goodwin from employment with Defendant Martinrea Industries, Inc.  The reason HR Director Wilson stated for the discharge was pretextual.  The true reason for the discharge included intentional discrimination based on disability.

48. Plaintiff Dori Goodwin suffered damages as the result of Defendant's conduct.  She experienced loss of pay and benefits as the direct and proximate result of the discrimination identified in the preceding paragraph of this

Complaint.   In addition, she suffered humiliation, psychological harm, emotional distress, physical symptoms, and damages arising from unlawful disability discrimination.

WHEREFORE, Plaintiff Dori Goodwin respectfully requests that this Court provide the following relief, as permitted by law:

(a) A declaration that Defendant's policies, procedures, and practices have subjected Plaintiff Dori Goodwin to discrimination in violation of Title I of the Americans with Disabilities Act;

(b) Reinstatement to employment;

(c) Compensatory damages;

(d) Equitable relief;

(e) Punitive damages;

(f) Reasonable attorneys' fees and costs;

(g) All other necessary and appropriate relief at law and equity.

## COUNT V – VIOLATION OF PERSONS WITH DISABILITIES CIVIL RIGHTS ACT – DISCRIMINATION BASED ON DISABILITY – PLAINTIFF DORI GOODWIN

49. Plaintiff Dori Goodwin incorporates by reference the allegations of paragraphs 1 through 19, above.

50. The allegations made against Defendant Martinrea Industries, Inc. in paragraphs 44 through 48 in Count IV, above, constitute violations of the

18

PWDCRA in this Count, for the same reasons they constitute violations of the ADA in Count IV.

WHEREFORE, Plaintiff Dori Goodwin respectfully requests that this Court provide the following relief, as permitted by law:

(a) A declaration that Defendant's policies, procedures, and practices have subjected Plaintiff Dori Goodwin to discrimination in violation of the Persons With Disabilities Civil Rights Act;

(b) Reinstatement to employment;

(c) Compensatory damages;

(d) Equitable relief;

(e) Damages for emotional distress;

(f) Exemplary damages;

(g) Reasonable attorneys' fees and costs;

(h) All other necessary and appropriate relief at law and equity.

### COUNT VI – TITLE VII OF THE 1964 CIVIL RIGHTS ACT – SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT AND RETALIATION – PLAINTIFF HALEY GOODWIN

51. Plaintiff Haley Goodwin realleges paragraphs 1 through 19 as if fully stated here.

52. Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et seq.*, (Title VII) applied to Plaintiff Haley Goodwin and Defendant during the events at issue in this Complaint.

53. Plaintiff Haley Goodwin was subjected to sexual harassment and a hostile work environment, in violation of Title VII of the 1964 Civil Rights Act.

54. Plaintiff Haley Goodwin objected to the harassment to the harassers and reported the harassment to her supervisor and to HR Director Wilson. Defendant Martinrea Industries, Inc. and HR Director Wilson failed or refused to take prompt, effective action to investigate the complaints of sexual harassment and to cause the sexual harassment to stop.

55. On January 2, 2019, Defendant Martinrea Industries, Inc. and HR Director Wilson discharged Plaintiff Haley Goodwin from employment. The reason HR Director Wilson stated for the discharge was pretextual. The true reason for the discharge included retaliation for her complaint about unlawful sexual harassment and hostile work environment.

56. Such discrimination and retaliation violated Title VII.

WHEREFORE, Plaintiff Haley Goodwin respectfully requests that this Court provide the following relief, as permitted by law:

(a) A declaration that Defendant's policies, procedures, and practices have subjected Plaintiff Haley Goodwin to sexual harassment, hostile work environment, discrimination, and retaliation in violation of the Title VII;

(b) Reinstatement to employment;

(c)Compensatory damages;

(d) Equitable relief;

(e) Damages for emotional distress;

(f) Exemplary damages;

(g) Reasonable attorneys' fees and costs;

(h) All other necessary and appropriate relief at law and equity.

## COUNT VII – VIOLATION OF ELLIOTT-LARSEN CIVIL RIGHTS ACT – SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT AND RETALIATION – PLAINTIFF HALEY GOODWIN

57. Plaintiff Haley Goodwin realleges paragraphs 1 through 19 as if fully stated here.

58. The Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* (ELCRA) applied to Plaintiff Haley Goodwin and Defendant during the events at issue in this Complaint.

59. The allegations made against Defendant in paragraphs 53 through 55 in Count VI, above, constitute violations of the ELCRA in this Count, for the same reasons they constitute violations of the Title VII in Count VI.

WHEREFORE, Plaintiff Haley Goodwin respectfully requests that this Court provide the following relief, as permitted by law:

(a) A declaration that Defendant's policies, procedures, and practices have subjected Plaintiff Haley Goodwin to discrimination in violation of the ELCRA;

(b) Reinstatement to employment;

(c) Compensatory damages;

(d) Equitable relief;

(e) Damages for emotional distress;

(f) Exemplary damages;

(g) Reasonable attorneys' fees and costs;

(h) All other necessary and appropriate relief at law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues presented in this case.

Respectfully submitted,

JEFFREY J. ELLISON, PLLC

By: /s/ Jeffrey J. Ellison_____
Jeffrey Ellison (P35735)
Attorney for Plaintiffs
214 S. Main Street, Suite 212
Ann Arbor, MI 48104
(734) 761-4300
EllisonEsq@aol.com

Dated: January 22, 2020

EEOC Form 161-B (11/16)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Dori Goodwin<br>336 E. Beecher Street<br>Adrian, MI 49221 | From: | Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |
| --- | --- | --- | --- |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
| --- | --- | --- |
| 471-2019-01913 | **Stephen A. Van Kerckhove,**<br>Investigator | **(313) 226-2025** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒  More than 180 days have passed since the filing of this charge.

☐  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will
     be able to complete its administrative processing within 180 days from the filing of this charge.

☒  The EEOC is terminating its processing of this charge.

☐  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN</u>
     <u>90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge,
     you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** <u>more than 2 years (3 years)</u> **before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**Michelle Eisele,**
**District Director**

10/24/19
*(Date Mailed)*

cc:  Martinrea Industries, Inc.
     c/o Brian A. Kreucher
     Howard and Howard Attorneys PLLC
     450 West Fourth Street
     Royal Oak, MI 48067

     **Jeffrey J. Ellison, Esq.**
     LAW OFFICES OF JEFFREY J. ELLISON
     214 South Main Street, Suite 212
     Ann Arbor, MI 48104

Exhibit 1 - 001

U.S. POSTAGE ❯❯ PITNEY BOWES

ZIP 48226
02 4W
0000361584 OCT 29 2019

$ 000.50⁰

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
PATRICK V. McNAMARA BLDG., RM 865
477 MICHIGAN AVENUE
DETROIT, MICHIGAN 48226

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

MI 480
29 OCT '19
M 1

Jeffrey J. Ellison, Esq.
Law Offices of Jeffrey J. Ellison
214 South Main St., Suite 212
Ann Arbor, MI 48104

48104-212262

Exhibit 1 - 002

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Haley Goodwin<br>1221 S. Main Street<br>Adrian, MI 49221 | From: | Detroit Field Office<br>477 Michigan Avenue<br>Room 865<br>Detroit, MI 48226 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2019-01914 | Stephen A. Van Kerckhove,<br>Investigator | (313) 226-2025 |

*(See also the additional information enclosed with this form.)*

#### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*                                            10/24/19

Enclosures(s)                          **Michelle Eisele,**                          *(Date Mailed)*
                                       **District Director**

| cc: | Martinrea Industries, Inc.<br>c/o Brian A. Kreucher<br>Howard and Howard Attorneys PLLC<br>450 West Fourth Street<br>Royal Oak, MI 48067 | Jeffrey J. Ellison, Esq.<br>LAW OFFICES OF JEFFREY J. ELLISON<br>214 South Main Street, Suite 212<br>Ann Arbor, MI 48104 |
|---|---|---|

Exhibit 2 - 001

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
PATRICK V. McNAMARA BLDG., RM 865
477 MICHIGAN AVENUE
DETROIT, MICHIGAN 48226

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

U.S. POSTAGE >> PITNEY BOWES

ZIP 48226
02 4W
0000361584  $ 000.50⁰
OCT 29 2019

Jeffrey J. Ellison Esq.
Law Offices of Jeffrey J. Ellison
214 South Main St., Suite 212
Ann Arbor, MI 48104

481043212.22  C01.9

Exhibit 2 - 002